JOSEPH E. EHRHART and MARY F. EHRHART, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ehrhart v. Commissioner
Docket Nos. 6856-79, 2777-80.
United States Tax Court
T.C. Memo 1981-567; 1981 Tax Ct. Memo LEXIS 169; 42 T.C.M. (CCH) 1285; T.C.M. (RIA) 81567; September 30, 1981. Joseph *170 E. Ehrhart, pro se. David P. Fuller, for the respondent. PARKER MEMORANDUM FINDINGS OF FACT AND OPINION PARKER, Judge: Respondent determined deficiencies in petitioners' Federal income tax in the amounts of $ 976 and $ 1,405 for the taxable years 1976 and 1977, respectively. Concessions having been made by both parties, the only issue for decision in these consolidated cases is whether the amounts paid by petitioners in 1976 and 1977 to Holy Redeemer School, St. Francis High School, Holy Family High School, and Loyola Marymount University for their children's tuition, books, and other fees are deductible as charitable contributions under section 170(c). [1]
FINDINGS OF FACT Most of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners are husband and wife and at the time they filed their petitions in these cases resided at 3512 Las Palmas Avenue, Glendale, California. They timely filed their joint *171 Federal income tax returns for 1976 and 1977 with the Internal Revenue Service Center, Fresno, California. In 1976 petitioners paid $ 505 to Holy Redeemer School for tuition and books for their daughter, Teresa Louise Ehrhart. The Holy Redeemer School is a private elementary school in Montrose, California. It is affiliated with the Holy Redeemer Catholic Church and offers instruction through the 8th grade. During the taxable years here in question, petitioners were parishioners of the Holy Redeemer Catholic Church and Teresa was a student in the 7th and 8th grades at Holy Redeemer School during the calendar year 1976. She continued to attend Holy Redeemer School until June of 1977 when she was graduated from the 8th grade. In 1976 petitioners paid $ 735.30 to St. Francis High School for tuition and books for their son, James Edward Ehrhart. St. Francis High School is a private secondary school for boys in LaCanada/Flintridge, California. It is a Catholic high school offering instruction in grades 9 through 12. James was a student in the 11th and 12th grades during the calendar year 1976. He continued to attend St. Francis High School until June of 1977, when he was graduated *172 from the 12th grade. In 1977 petitioners paid a total of $ 3,011.22 to various Catholic schools as follows: Payee
Amount
Purpose
Holy Redeemer School
$ 15.00
Graduation fee for
Teresa Louise Ehrhart
St. Francis High School
24.72
Tuition and graduation
180.00
announcements for
225.00
James Edward Ehrhart
Holy Family High school
50.00
Tuition and books
46.50
for Teresa
127.50
Louise Ehrhart
Loyola Marymount
2,342.50
Tuition for James
University
Edward Ehrhart
Holy Family High School is a private secondary school for girls in Glendale, California. It is a Catholic high school offering instruction in grades 9 through 12. Teresa was a student in the 9th grade at Holy Family High School during the latter half of calendar year 1977. Loyola Marymount University is a private coeducational institution in Los Angeles, California. It is a Catholic university offering undergraduate and graduate programs of study leading to bachelor's and advanced degrees. James was a freshman at Loyola Marymount University during the latter half of calendar year 1977. The only issue before the Court is the deductibility under section 170(c) of *173 the payments to various Catholic schools of $ 1,240.30 in 1976 and $ 3,011.22 in 1977. OPINION Section 170(a) [2] allows a deduction for any charitable contribution as defined in section 170(c). Section 170(c) [3] defines a charitable contribution as "a contribution or gift to or for the use of" certain qualified organizations. There is no dispute that the Catholic schools involved in this case were qualified organizations within the meaning of section 170(c). That is not the issue. The issue is whether or not the payments to the schools were "gifts." . *174 Here the payments to the Catholic schools were admittedly for tuition, books, and graduation announcements for petitioners' children. It is well established that such payments are not "gifts" and are not deductible as charitable contributions. , affg. a Memorandum Opinion of this Court; , affg. a Memorandum Opinion of this Court; ; , affd. by unpublished order (1st Cir. May 28, 1969); , affd. . Petitioners cannot distinguish the above cases, and they are dispositive of their claim. [4] Instead petitioners cite various cases involving corporate contributions to charities to suggest that the existence of a quidproquo is only evidence of and not determinative of whether or not their dominant purpose behind the transfer was the expectation of economic benefit. Such cases are inapposite. [5]
*175 Petitioners next try to bring themselves within the Duberstein definition of "gifts" by arguing that their "children were sent to Catholic school to support the Church, not for the alleged quid pro quo of an education which was available elsewhere," that the amounts for tuition and books "were expended with the primary intention of supporting Catholicism. The education received, although valuable, was incidental to this primary purpose," and that they "sent their children to Catholic schools out of generosity, affection, respect and admiration for the Church and for these reasons paid the tuition costs." Petitioners' efforts to track the language of the Supreme Court in Duberstein do not change the fact that the payments here were for tuition, books, and graduation announcements and were not gifts. Here petitioners paid certain amounts above the tuition and those amounts have been allowed as charitable contributions just as they were allowed in the De Jong case. The amounts in issue that were paid for tuition, books, and graduation announcements were personal nondeductible expenditures within the meaning of section 262. [6]
*176 To reflect the concessions, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years involved in these consolidated cases.↩
2. SEC. 170. CHARITABLE, ETC., CONTRIBUTIONS AND GIFTS. (a) Allowance of Deduction.-- (1) General Rule↩.--There shall be allowed as a deduction any charitable contribution (as defined in subsection (c)) payment of which is made within the taxable year. * * * 3. (c) Charitable Contribution Defined.--For purposes of this section, the term "charitable contribution" means a contribution or gift to or for the use of-- (2) A corporation, trust, or community chest, fund, or foundation-- (A) created or organized in the United States or in any possession thereof, or under the law of the United States, any State, the District of Columbia, or any possession of the United States; (B) organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or to foster national or international amateur sports competition (but only if no part of its activities involve the provisions of athletic facilities or equipment), or for the prevention of cruelty to children or animals; (C) no part of the net earnings of which inures to the benefit of any private shareholder or individual; and (D) which is not disqualified for tax exemption under section 501(c)(3) by reason of attempting to influence legislation, and which does not participate in, or intervene in (including the publishing or distributing of statements), any political campaign on behalf of any candidate for public office.↩
4. Petitioners suggest that De Jong and the other cases are distinguishable because the payments here "did not flow to a solely educational corporation." That is a meaningless distinction. Whether the school is operated by the Catholic Church, as here, or by some other group, as in De Jong↩, both schools were qualified organizations under section 170(c). The point in both cases is that the payments were for tuition. 5. Corporate contributions to charities give rise to many problems not involved in charitable contributions by individuals. See , where the Court discussed the cases relied upon by petitioners. Moreover, those cases arise in the context of whether the Duberstein tests apply to a business entity. Here petitioners agree that the Duberstein↩ criteria are applicable.
6. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩